**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHERMAN P. HAWKINS,

      Plaintiff-Appellant,

v.

DAVID PENTLAND; et al.,

      Defendants-Appellees.

No.   15-35725

D.C. No. 6:14-cv-00069-DLC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted July 26, 2016[**]

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

    Sherman P. Hawkins, a Montana state prisoner, appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging due process

violations arising out of a disciplinary hearing. We have jurisdiction under 28

U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A, *Resnick*

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we affirm.

The district court properly dismissed Hawkins's action because Hawkins failed to allege facts sufficient to show that defendants violated his due process rights. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (requirements of due process are satisfied if "some evidence" supports the disciplinary decision); *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974) (setting forth due process requirements for prison disciplinary hearing procedures).

The district court did not abuse its discretion in dismissing Hawkins's complaint without leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Hawkins's request for appointment of counsel, filed on May 16, 2016, is denied.

Hawkins's request to file a substitute brief, filed on July 18, 2016, is denied as unnecessary.

**AFFIRMED.**